**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                    No. 00-4740

BARRY EARL WILLIAMS,
            *Defendant-Appellant.*

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                    No. 00-4845

BARRY EARL WILLIAMS,
            *Defendant-Appellant.*

Appeals from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-00-177)

Submitted: April 27, 2001

Decided: May 24, 2001

Before NIEMEYER, LUTTIG, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Barbara L. Hartung, Richmond, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, John S. Davis, Assistant United States
Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Barry Williams appeals his sentence following convictions for escape from custody and theft of government property, in violation of 18 U.S.C.A. §§ 751(a), 641 (West 2000). Finding no error, we affirm.

Williams, a federal inmate at a low security satellite camp at FCI-Petersburg, escaped utilizing a prison truck he was authorized to use for landscaping duties. Williams was apprehended, and authorities recovered the undamaged truck at the location where Williams had left it locked, with the keys in the ashtray.

On the morning of trial, Williams moved for a psychiatric examination, claiming he was "under great stress and upset at the time of the instant offenses." The trial court denied the motion and found Williams guilty of escape from custody and theft of government property. The trial court enhanced Williams' sentence as to the theft count for more than minimal planning and because the loss involved more than $5000. *U. S. Sentencing Guidelines Manual* §§ 2B1.1(a), (b)(4)(A), (b)(1)(E) (1998). The trial court sentenced Williams to thirty-four months on each count to run concurrently with each other and consecutive to the term of imprisonment being served by Williams at the time of the instant offenses. Williams timely appealed his sentence, challenging the district court's enhancement of his sentence as to the theft charge and the denial of his motion for a psychiatric examination.

First, Williams claims that the trial court erroneously inflated his sentence by determining the loss amount was more than $5000. USSG § 2B1.1(b)(1)(E). He further contends that the offense did not involve "more than minimal planning." USSG § 2B1.1(b)(4)(A) (2000). Because Williams did not object to the guidelines calculation in district court, our review is for plain error. *United States v. Olano*, 507 U.S. 725, 732-37 (1993).

Loss is defined as the value of property taken and "[i]n the case of a defendant apprehended taking a vehicle, the loss is the value of the vehicle even if the vehicle is recovered immediately." USSG § 2B1.1, comment. (n.2). At trial, the Government presented evidence that the 1992 Dodge Ram truck had low mileage and was in good condition, that comparable trucks had recently been auctioned for $2500, and that the NADA base trade value was $4700 and base retail value was $6425. We find that the district court did not commit plain error in determining that the value of the stolen truck was over $5000 and in applying USSG § 2B1.1(b)(1)(E).

Next, more than minimal planning is defined as "more planning than is typical for commission of the offense in a simple form." USSG § 1B1.1, comment. (n.1(f)). Williams chose to escape on a particularly busy work day when the usual foreman was absent, when the late arrival of a bus delayed matters at the camp garage, and at a time when his escape would not be confirmed until after the 4:00 p.m. count. He took his personal items and prison clothing and apparently took significant affirmative steps to have transportation, shelter, food, and clothing while he avoided apprehension. We find the trial court did not plainly err in concluding that the theft involved more than minimal planning.

Finally, Williams contends that the district court abused its discretion in denying his pre-trial motion for a psychiatric examination. We review the district court's determination of whether to order a psychiatric examination for abuse of discretion. *United States v. Cropp*, 127 F.3d 354, 363 (4th Cir. 1997). An abuse of discretion may occur in three ways: (1) failure or refusal to exercise discretion; (2) failure to adequately take into account judicially recognized factors constraining its exercise; or (3) an exercise of discretion flawed by erroneous factual or legal premises. *James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993). The trial court conducted a hearing on Williams' motion, observed Williams, and found no just cause for relief. Further, Williams did not timely raise an insanity defense, did not present any evidence of a mental impairment, and did not object to the Presentence Report's notation that he had no history of psychiatric treatment. Accordingly, we find no abuse of discretion by the district court.

We affirm Williams' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*